### JACOB SMITH *v.* MARY TABOR et al.

*An antichresis, to be binding upon the property pledged, must be reduced to writing in accordance with article 3143 of the Civil Code.*

APPEAL from the District Court of the Parish of Caddo, *Jones*, J.* *Hodge*, for plaintiff. *Land*, for defendants. By the court:

PRESTON, J. At a sale of property belonging to the estate of *James Tabor*, in San Augustine county, in the State of Texas, *Mary Tabor*, one of the heirs, became the purchaser of three slaves, for four hundred and sixty dollars, on a credit of twelve months. She was unable to give the security required as the condition of the sale. The plaintiff, with two other persons, gave the bond for the price of the slaves, which was satisfactory, and the sale was passed to her.

She was then living with the plaintiff, and hired one of the slaves to him to pay two-thirds of the price, being heir of one-third herself.

Shortly afterwards she quit the house of the plaintiff and married *John A. Willis*, who is made a defendant with her. *Willis*, with some friends, went to the house of the plaintiff and took forcible and violent possession of the slave, and sold her to one *Nicholson*.

When the bond became due, the plaintiff paid it. He sues for the amount, makes *Nicholson* a party, and claims that the slave should be restored to him, and that he might retain her until her hire, at $120 a year, should indemnify him for the amout paid by him for *Mary Tabor* for the price of the slave. He also alleges, that she and her husband were insolvent at the time of the sale to *Nicholson*, and that the latter fraudulently purchased the slave to deprive him of his debt.

The case was submitted to a jury, who found a verdict for the plaintiff for the amount of his claim against *Mary Tabor* and her husband *Willis*, but exonerated the succession of *Nicholson*, (who died during the pendency of the suit,) also the slave *Polly*, from the claim.

The evidence does not establish the insolvency of *Willis* and wife at the time of the sale to *Nicholson*, nor a fraudulent purchase of the slave by him from them; and in exonerating his succession from liability, the verdict and judgment are correct.

The agreement of *Mary Tabor* to hire the slave until the debt due by her to the plaintiff was paid, amounts to an antichresis, and to be binding on the property, should have been reduced to writing. Code, art. 3143.

The defendants, on this ground, objected to evidence of the contract. It was admitted by the court to prove a contract of hire, but the court and jury appear, by their verdict and judgment, to have disregarded it as proving a pledge of the slave and her hire until payment of her price; and we think with them, it should have had no binding effect upon the property.

The judgment of the district court is affirmed, with costs.

---

*This case was decided in 1851, in New Orleans, by consent.